**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

---

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/21/20

---

February 12, 2020

MEMO ENDORSED

**By ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse, Room 1506
40 Foley Square
New York, New York 10007

Re:   *United States* v. *Mayur Rele*,
      19 Cr. 842 (RA)

Dear Judge Abrams:

> Application granted. The conference is adjourned to April 3, 2020 at 2:00 p.m. Time is excluded until April 3, 2020, under the Speedy Trial Act, pursuant to 18 U.S.C. Section 3161(h)(7)(A).
>
> SO ORDERED.
>
> Ronnie Abrams
> United States District Judge   2/21/2020

The Government writes to respectfully request the entry of the enclosed protective order to govern discovery in this case, to update the Court on the status of the Government's production of discovery, and to jointly request with defense counsel an adjournment of the status conference scheduled for February 21, 2020.

1.  Request for Entry of Enclosed Protective Order.

The Government respectfully submits this letter requesting that the Court enter a Protective Order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure to govern the use and disclosure of discovery materials in this action. The Government has conferred with defense counsel, who has no objection to the Court's entry of the enclosed protective order.

The discovery materials in this case contain (i) personal identification information (including but not limited to names, addresses, Passport numbers, dates of birth, phone numbers, e-mail addresses, bank account numbers, and Social Security numbers); and (ii) confidential business information (including but not limited to information pertaining to a business's network, critical systems, data storage, and information technology). The Government desires to protect any personal identification information and confidential business information contained in any materials it produces pursuant to Rule 16(d)(1). Rule 16(d)(1) addresses the Court's ability to regulate discovery through protective orders. The Rule provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id.* The Supreme Court has long approved protective orders under this Rule, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

There is "good cause" for the Protective Order proposed here, as required by Rule 16(d)(1). Title 18, United States Code, Section 3771(a)(8), provides that a crime victim has the right to be treated with respect for the victim's dignity and privacy. Personal identification information sought to be protected implicates the privacy interests of third parties. The confidential business information sought to be protected is valuable to the victim – identified as the Travel Company Victim in the Indictment – to whom it belongs, and public release of this material could result in significant economic harm to the Travel Company Victim. The Government has conferred extensively with counsel for the Travel Company Victim, and the Travel Company Victim has expressed its desire that its confidential business information be protected.

2. Discovery Status Update.

The Government made its first document production to defense counsel on December 23, 2019. Since then, the Government has been in ongoing discussions with the Travel Company Victim about the nature of the materials it produced to the Government so that the Government could determine the form of the protective order to seek from the Court. Last week, the Travel Company Victim informed the Government that while it did not identify any critical intellectual property (i.e., source code and sensitive financial data) in the materials it produced to the Government, the materials did contain confidential business information, as defined above and in the enclosed protective order. Accordingly, the Government intends to make its second document production to defense counsel, pursuant to the proposed protective order, this week.

The other materials that remain to be produced consist of the contents of numerous devices seized pursuant to search warrants of the defendant's residence and the Accounting Firm referenced in the Indictment. These materials are voluminous, amounting to roughly 10 terabytes of data. The Government anticipates that it will produce the entire contents of the defendant's devices seized from the defendant's residence in the next four weeks. In addition, the Government will produce the subset of materials deemed by FBI to be responsive and seized pursuant to both search warrants for the defendant's residence and the Accounting Firm over the course of the next few months. The Government presently expects that the FBI's responsiveness review of these materials will be completed by the end of May 2020.

3. Joint Request for Adjournment of February 21, 2020 Status Conference.

The Government has conferred with defense counsel about the status of discovery, and given the timing of Government's ongoing document productions, the parties jointly request that the Court adjourn the status conference set for February 21, 2020, to a placeholder date between April 1 and April 7, 2020. At that time, the Government will be able to update the Court and defense counsel on the timing of the FBI's responsiveness review of the remaining search warrant materials to be produced. If the Court grants this joint adjournment request, the Government also seeks an exclusion of time from the Speedy Trial Clock between February 21, 2020 and the next status conference so that the Government can continue to produce discovery, defense counsel and the defendant can review that discovery to determine if any pretrial motions

Hon. Ronnie Abrams
February 12, 2020
Page 3

are to be made, and the parties can engage in discussions about a pretrial disposition. Defense counsel does not object to the Government's motion for an exclusion of time.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney

By:   s/ Kristy J. Greenberg
      Kristy J. Greenberg
      Assistant United States Attorney
      (212) 637-2469

cc:    Ariel Werner, Esq. (by ECF)